IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00824-KLM

CHRISTINA MARTINEZ,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration,

    Defendant.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court[1] on the **Social Security Administrative Record** [#16],[2] filed June 8, 2018, in support of Plaintiff's Complaint [#1] seeking review of the decision of Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, ("Defendant" or "Commissioner") denying Plaintiff's claim for disability insurance benefits pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 et seq., and for supplemental security income benefits pursuant to Title XVI of the Act, 42 U.S.C. § 1381 et seq. On July 18, 2018, Plaintiff filed an Opening Brief [#20] (the "Brief"), and Defendant filed a Response [#21] in opposition. No reply was filed. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and

---

[1] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. *See* [#18, #22].

[2] "[#16]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

1383(c). The Court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the decision of the Commissioner is **AFFIRMED**.

## I. Background

Plaintiff alleges that she became disabled at the age of sixty-one on March 15, 2013. Tr. 10, 77.[3] On July 10, 2013, Plaintiff filed applications for disability insurance benefits under Title II and for supplemental security income under Title XVI. Tr. 10. On October 5, 2016, an Administrative Law Judge (the "ALJ") issued an unfavorable decision. Tr. 20.

The ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2016, and that Plaintiff had not engaged in substantial gainful activity ("SGA") since March 15, 2013, the alleged onset date. Tr. 12. The ALJ found that Plaintiff suffers from two severe impairments: (1) hepatitis C, and (2) history of head trauma with surgical alleviation of hematoma. Tr. 12. However, the ALJ also found that these impairments, individually or in combination, do not meet or medically equal "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." Tr. 15. The ALJ next concluded that Plaintiff has the residual functional capacity ("RFC") to perform the full range of light work. Tr. 16. Based on the RFC and the testimony of an impartial vocational expert ("VE"), the ALJ found that Plaintiff could perform her past relevant work as an accountant. Tr. 19. He therefore found Plaintiff not disabled at step four of the sequential evaluation. Tr. 20. The ALJ's decision has become the final decision of the Commissioner

---

[3] The Court refers to the Transcript of the Administrative Proceedings, located at Docket Nos. 16 through 16-9 by the sequential transcript numbers instead of the separate docket numbers.

for purposes of judicial review. 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review and Applicable Law

Pursuant to the Act:

> [T]he Social Security Administration is authorized to pay disability insurance benefits and Supplemental Security Income to persons who have a "disability." A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."

*Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (quoting 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B)). Under the applicable legal standard, a claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a); *see also Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (quoting 20 C.F.R. § 416.905(a)). The existence of a qualifying disabling impairment must be demonstrated by "medically acceptable clinical and laboratory diagnostic" findings. 42 U.S.C. §§ 423(d)(3), 423(d)(5)(A).

"When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Act. To be disabling, the claimant's condition must be so functionally

limiting as to preclude any substantial gainful activity for at least twelve consecutive months. See *Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Court reviews a final decision by the Commissioner by examining the administrative record and determining "whether the [ALJ's] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). However, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Harper v. Colvin*, 528 F. App'x 887, 890 (10th Cir. 2013) (quoting *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000)). In other words, the Court does not reexamine the issues de novo. *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F. 3d 739, 741 (10th Cir. 1993). Thus, even when some evidence could support contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court may have "made a different choice had the matter been before it *de novo.*" *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007).

**A.      Legal Standard**

The Social Security Administration uses a five-step framework to determine whether a claimant meets the necessary conditions to receive Social Security benefits. See 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four, and if the claimant fails at any of these steps, consideration of any subsequent step or steps is unnecessary. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) ("If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."). The Commissioner bears the burden of proof at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Step one requires the ALJ to determine whether a claimant is "presently engaged in substantial gainful activity." *Wall*, 561 F.3d at 1052 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). If not, the ALJ considers at step two whether a claimant has "a medically severe impairment or impairments." *Id.* "An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities." *Wall*, 561 F.3d at 1052 (citing 20 C.F.R. § 404.1521). Next, at step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation," *i.e.*, the "Listings." *Wall*, 561 F.3d at 1052 (quoting *Allen*, 357 F.3d at 1142). "If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent [him or her] from performing [his or her] past relevant work." *Wall*, 561 F.3d at 1052 (citing *Allen*, 357 F.3d at 1142). "Even if a claimant is so impaired, the agency considers, at step five, whether [he or she] possesses the sufficient [RFC] to perform other work in the national economy." *Id.*

## B.   Substantial Evidence

An ALJ must consider all evidence and explain why he or she finds a claimant not disabled. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). However, the ALJ need not specifically "reference everything in the administrative record." *Wilson*, 602 F.3d at 1148. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1140 (internal quotation marks omitted). "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). A decision by the ALJ is not based on substantial evidence "if it is overwhelmed by other evidence in the record . . . ." *Grogan v. Barnhart*, 399 F.3d

1257, 1261-62 (10th Cir. 2005). In other words, the Court's determination of whether the ALJ has supported his or her ruling with substantial evidence "must be based upon the record taken as a whole." *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). Further, evidence is not substantial if it "constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III.  Analysis

Plaintiff broadly argues that the ALJ erred because "substantial evidence does not support [ALJ] Bryce Baird's findings of fact and the ALJ's resolution of the mixed questions of law and fact, including but not limited to the ALJ's determination of Plaintiff's [RFC] are not supported by substantial evidence or the law governing Social Security claims." [sic] *Brief* [#20] at 11. While Plaintiff's brief provides a thorough overview of certain parts of Social Security law, and perhaps makes some public policy argument as to why certain parts of the system should be changed, there is little argument grounded in the specific facts of Plaintiff's case. In fact, Defendant argues that the ALJ's decision should be affirmed "because Plaintiff has not raised any well-developed challenges to the ALJ's findings or to his ultimate determination that she was not disabled." *Response* [#21] at 5. The Court generally agrees with this assessment of Plaintiff's Brief [#20]. However, the Court finds it appropriate to address those arguments it can discern, even if underdeveloped.

**A.    The ALJ's Development of the Record**

Plaintiff appears to make an argument that the ALJ failed to sufficiently develop the

record. *Brief* [#20] at 25-26 ("Furthermore, the ALJ clearly failed to inquire and fully and fairly develop the record with regard to the effect of Plaintiff's traumatic brain injury and resultant subdural hematoma, affected her ability to perform substantial gainful activity." [sic]).

"A social-security claimant bears the burden of proving she is disabled . . . ." *Todorova v. Commissioner, SSA*, 762 F. App'x 510, 514 (10th Cir. 2019) (citing *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008)). The ALJ bears the burden of ensuring "that an adequate record is developed during the disability hearing consistent with the issues raised." *Todorova*, 762 F. App'x at 514 (quoting *Cowan v. Astrue*, 552 F.3d 1182, 1187 (10th Cir. 2008)). The ALJ's "duty is heightened when the claimant is unrepresented," *id.*, which is not the situation here because Plaintiff was represented at the hearing held before the ALJ on February 11, 2016. Tr. 37. "[W]hen the claimant is represented by counsel at the administrative hearing, the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored." *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997). "Thus, in a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development." *Id.*

Plaintiff argues that the ALJ failed to adequately develop the record concerning how her brain injury and subdural hematoma affected her ability to perform SGA. *Brief* [#20] at 25-26. However, there is no indication as to how, precisely, the ALJ failed to meet his burden. Plaintiff's counsel asked the ALJ to keep the record open to receive additional medical records after the hearing. Tr. 42, 75. The ALJ did so and accepted the additional evidence into the record before making his decision. Tr. 420-40. Plaintiff does not suggest

that the ALJ should have ordered a consultative examination, or that one was even requested by her counsel. *See, e.g.*, *Hawkins*, 113 F.3d at 1168 ("In the absence of such a request by counsel, we will not impose a duty on the ALJ to order a consultative examination unless the need for one is clearly established in the record."). Plaintiff does not suggest that there were more medical records which were not obtained and given to the ALJ prior to his decision. To the extent Plaintiff suggests that the ALJ should have "inquire[d]" more at the hearing about how the injury affected Plaintiff's ability to work, Plaintiff's counsel should have endeavored to fill in any perceived gaps. *See Glass v. Shalala*, 43 F.3d 1392, 1394-96 (10th Cir.1994) (denying request to remand case for further development of the record where the ALJ had carefully explored the claimant's claims and where counsel representing the claimant failed to specify the additional information sought). Plaintiff does not suggest with any specificity that the ALJ should have developed the record in any other way. Rather, at most, Plaintiff appears to suggest that the ALJ did not adequately discuss the evidence that was already before him, a separate issue which the Court addresses below.

Accordingly, the Court finds no reversible error in connection with the ALJ's development of the record.

**B.    The ALJ's Discussion of the Record**

In part, Plaintiff states: "Additionally, after traumatic brain injury [there is] some degree of neuropsychological impairment." [sic]  *Brief* [#20] at 25. "Yet, there is no discussion comparing plaintiff's testimony at the administrative hearing with any residual number traumatic brain injury." *Id.*  Plaintiff does not cite to the record or to any legal authority in support of this argument. Indeed, it is unclear from the briefs or from a search

of case law precisely what a "residual number traumatic brain injury" is and what impact it could potentially have on the ALJ's decision. In the absence of further briefing on this issue, the Court cannot find that the ALJ committed reversible error on this point.

Similarly, Plaintiff states that "the ALJ failed to take into account the Plaintiff's strong work record and high earnings" and that he "failed to account for why the Plaintiff, a person with a masters in accounting, stopped working as an accountant." *Brief* [#20] at 25. However, Plaintiff does not connect these statements directly to any specific portion of the ALJ's opinion and does not cite the record or show how these arguments could result in reversal of the ALJ's decision. In the absence of further briefing on this issue, the Court cannot find that the ALJ committed reversible error on this point.

Plaintiff's most well-developed argument concerns August 3, 2015 medical records consisting of hospital discharge instructions after Plaintiff's hematoma surgery. *Brief* [#20] at 24-25. In this regard, the ALJ stated:

> I have given little weight to the hospital discharge instructions from August 3, 2015 stating that the claimant should avoid strenuous activity or lifting greater than 10 pounds (one gallon of milk) and that she should avoid heavy house and garden work. These instructions were issued several days after the claimant had undergone a surgical procedure to alleviate subdural hematoma, while [she] was still in the early stages of recovery from this procedure. There is no medical evidence to suggest that these exertional limitations remained in effect for any long-term timeframe.

Tr. 19 (internal citation omitted). Plaintiff argues that "[t]he problem of courses [sic] that there is no medical evidence to suggest that these exertional limits have not remained in effect." *Brief* [#20] at 25.

As noted earlier, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Harper*, 528 F. App'x at 890. Thus, even when some

evidence could support contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court may have "made a different choice had the matter been before it de novo." *Oldham*, 509 F.3d at 1257-58. Here, the Court finds the ALJ's interpretation of the evidence to be eminently reasonable. Plaintiff was admitted to the hospital on July 20, 2015, underwent the above-described surgical procedure, and was released with post-surgery instructions on August 3, 2015. Tr. 408. Despite Plaintiff's assertion to the contrary, the instructions themselves were limited in scope in terms of time; Plaintiff was told that she could progressively increase her ambulation and lift no more than ten pounds *until she had her follow-up with the doctor*, which was scheduled for one month later. Tr. 409. There is no indication in the record that any of these restrictions continued to be medically-imposed after her follow-up appointment. "The burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability." *Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004). Because Plaintiff has pointed the Court to no evidence that these restrictions continued for the long-term, the Court cannot find that the ALJ erred in his interpretation of this medical record.

Accordingly, based on the argument provided, the Court finds no reversible error in connection with the ALJ's discussion of the record.

### IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the decision of the Commissioner that Plaintiff is not

disabled is **AFFIRMED**.

IT IS FURTHER **ORDERED** that each party shall bear its own costs and attorney's fees.

Dated: August 23, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge